UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TYLER FERRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-00362-JMS-DKL |
| | ) | |
| CORIZON: RMD, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Granting Motion to Proceed *In forma pauperis*,
Discussing Complaint, and Directing Further Proceedings**

**I.**

The plaintiff's motion to proceed *in forma pauperis* [dkt 2] is **granted**. He shall have **through October 28, 2016**, to pay an initial partial filing fee of $2.60. Failure to pay the initial partial filing fee may result in the dismissal of this action.

**II.**

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The purpose of this requirement is "to give the defendant fair

notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993)(noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

Based on this screening, the complaint must be **dismissed**. Ferrell brings his claims pursuant to 42 U.S.C. § 1983, and alleges that he has not received appropriate treatment for his serious medical needs in violation of the Eighth Amendment. But he does not allege who is directly responsible for the alleged denials of care. Without an allegation of the person or persons directly responsible for the denials, the complaint fails to state a claim upon which relief can be granted. *Munson v. Gaetz*, 673 F.3d 630, 637 (7th Cir. 2012) (section 1983 liability requires a defendant's personal involvement in the alleged constitutional violation); *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.")(*citing Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)). Ferrell names Corizon in the caption but does not reference actions on the part of Corizon in the body of the complaint. He has therefore failed to state a claim against Corizon. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no

specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."). In addition, Corizon, a private corporation, is not vicariously liable under 42 U.S.C. § 1983 for the alleged misdeeds of its employees, but if the injury alleged is the result of a policy or practice. *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816 (7th Cir. 2009). No ingredient of that nature is present in the compendious second amended complaint.

### III

The dismissal of the complaint will not in yet lead to the dismissal of the action. Instead, Ferrell shall have **through October 28, 2016,** in which **to file an amended complaint.**

In filing an amended complaint, Ferrell shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In organizing his complaint, Ferrell may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Entry.

If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

**IT IS SO ORDERED.**

Date: <u>September 23, 2016</u>

                                              Hon. Jane Magnus-Stinson, Judge
                                              United States District Court
                                              Southern District of Indiana

Distribution:

TYLER FERRELL
212720
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**