UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TYLER FERRELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:16-cv-00362-JMS-MJD ) |
| MICHAEL PERSON, | ) ) |
| Defendant. | ) ) |

**Entry Granting Motion for Summary Judgment**

Plaintiff Tyler Ferrell, an inmate of the Wabash Valley Correctional Facility ("Wabash Valley"), brought this action pursuant to 42 U.S.C. 1983. In his amended complaint, Ferrell alleges that, while he was incarcerated at the Pendleton Correctional Facility ("Pendleton"), defendant Dr. Michael Person was deliberately indifferent to his need for treating for an injury to his hand in violation of his Eighth Amendment rights. Dr. Person moves for summary judgment arguing that Ferrell failed to exhaust his available administrative remedies. For the following reasons, Dr. Person's motion for summary judgment Dkt. [21] is **granted**.

**I. Standard of Review**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

## II. Facts

At all times relevant to his claims in this suit, Ferrell was incarcerated by the IDOC at Pendleton. Ferrell was transferred from Pendleton to Wabash Valley on December 15, 2015. Ferrell's allegations against Dr. Person arose during the time Ferrell was incarcerated at Pendleton— where Dr. Person was the chief medical officer in 2014 and 2015—as Dr. Person did not treat Ferrell at any other time.

The IDOC has in place an Offender Grievance Process that applies to Ferrell's claims. The purpose of the Offender Grievance Process is to provide administrative means by which inmates may resolve concerns and complaints related to their conditions of confinement. The Grievance Process consists of three stages: (i) an informal attempt to solve a problem or address a concern, (ii) the submission of a written formal grievance outlining the problem or concern and other supporting information, and the response to that submission, and finally a (iii) a written appeal of the response to a higher authority and the response to that appeal.

IDOC records reflect that Ferrell filed three medical grievances (Grievance Nos. 82350, 82351, 82773) in May 2014 and June 2014 while he was incarcerated at Pendleton (abbreviated as "IRT"). There is no record that Ferrell appealed any of those grievances.

Ferrell attaches to his amended complaint an informal grievance dated August 18, 2016. In that informal grievance, Ferrell states that he was sent out for a consultation with an orthopedic surgeon who recommended surgery on Ferrell's right hand for cubital tunnel syndrome. Ferrell then complains that the IDOC denied the surgery. The response to Ferrell's informal grievance, also dated August 18, 2016, informs Ferrell that his surgery had been approved and was scheduled. Ferrell also attaches a formal grievance dated August 23, 2016 to his amended complaint. In his formal grievance, Ferrell states the IDOC delayed providing

surgery to treat pain in Ferrell's right hand. As relief, Ferrell requested compensation in the amount of $5000.00. The Return of Grievance form dated August 31, 2016, reflects that Ferrell's grievance was returned to him because Ferrell sought only monetary compensation, which is not appropriate relief under the grievance procedure. Ferrell responded to the return of his grievance in a letter dated September 2, 2016, that stated he was not asserting a tort claim in his August 23, 2016 grievance. Although Ferrell did not describe what relief he was requesting, he stated he wanted to exhaust his administrative remedies so that he could file a 42 U.S.C. § 1983 civil rights complaint. The letter reflects a response from a grievance specialist informing Ferrell again that a request for money damages was not a grievable issue. Ferrell did not pursue that grievance any further.

### III. Discussion

Dr. Person argues that Ferrell failed to exhaust his available administrative remedies with regard to his claims in this case because, although he filed grievances regarding his medical care, he did not complete the grievance process for any of those grievances. In response, Ferrell has filed a "Notice" asserting that he is seriously mentally ill and asking "could or would exhaustion be waived?"

The Prison Litigation Reform Act ("PLRA") requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed

administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). So here, Dr. Person bears the burden of demonstrating that Ferrell failed to exhaust all available administrative remedies before he filed this suit. *Id.* at 681.

Dr. Person has met his burden here. It is undisputed that Ferrell failed to exhaust his administrative remedies with regard to any of the grievances he filed. He filed grievances in May and June of 2014, in which he apparently complained about the medical care he was receiving. But he did not appeal the denial of those grievances. The material issue, then, is whether some factor outside of his control rendered the Grievance Process unavailable to Ferrell. By asking that the administrative process be waived, Ferrell appears to concede in response to the motion for summary judgment that he did not exhaust his available administrative remedies. While he asserts generally that he is mentally ill, Ferrell provides no argument or evidence to explain why he was able to file grievances, but was not able to file an appeal of those grievances. He therefore has failed to rebut Dr. Person's showing that Ferrell failed to exhaust his available administrative remedies.

Further, the grievances filed in August of 2016 are irrelevant to Ferrell's claims. In his amended complaint, Ferrell alleges that "on and before Oct. 17, 2014" he began complaining of

pain in his hand and that he did not receive proper treatment for that pain until he was sent to Wabash Valley where he did get treatment by an orthopedic surgeon. Ferrell's claims in this case are therefore based on treatment he states he did not receive from Dr. Person while he was at Pendleton in 2014. Grievances regarding the scheduling of his surgery in 2016, actions that Dr. Person had nothing to do with, are therefore not relevant to Ferrell's complaints regarding the treatment he claims he did not receive from Dr. Person in 2014.

In sum, it is undisputed that Ferrell did not fully exhaust his available administrative remedies as required by the PLRA. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Ferrell's claims should not have been brought and must now be dismissed without prejudice. *See Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002) (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating"); *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

### IV. Conclusion

Dr. Person's motion for summary judgment Dkt. [21] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 4/21/2017

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

TYLER FERRELL
212720
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838